# Indiana, Illinois & Iowa Railroad Company
## v.
## James McCoy, for use, etc.

*Practice—Garnishment—Petition of Garnishee for Writ of Certiorari.*

Where it appears from a petition for a writ of *certiorari* by a garnishee that the judgment against the principal debtor was void; that the judgment against the petitioner was not the result of its negligence; that the judgment was unjust and erroneous; and that an appeal can not be taken in the ordinary way, it is sufficient to authorize the issuing of the writ.

[Opinion filed May 27, 1887.]

Appeal from the Circuit Court of Kankakee County; the Hon. James N. Orr, Judge, presiding.

Mr. H. K. Wheeler, for appellant.

No brief was filed for appellee.

Welch, J. Appellant filed its petition for a writ of *certiorari* in the County Court of Kankakee, writ issued, motion to quash writ, motion allowed, writ quashed, from which this appeal is taken. Appellee files no brief. We could have reversed the judgment under the rule for that cause. We concluded to examine the record and to decide the case upon its merits. The petition, among other things, stated that the only proceeding upon which the Justice claimed to have a judgment was a proceeding by attachment and execution process against the said James McCoy during the month of November, 1885, and that no personal service was had upon the said James McCoy, nor did the said James McCoy appear in Justice's court, and that the court had no jurisdiction over him, and had no authority to issue the said garnishee summons against your petitioner, and that the docket of said Justice shows that the said court never acquired jurisdiction to ren-

der·personal judgment against the said James McCoy, and that the said summons so issued by him against your petitioner was void.

That the appellant, immediately after the service of *scire facias* upon it, its attorney went and saw the Justice of the Peace who had entered the conditional judgment on which the *scire facias* issued, and that said Justice agreed with said attorney that he would vacate the conditional judgment already rendered and take no steps in the matter; that relying upon the representation and agreement made by the said Justice with its said attorney, it did not appear and answer on the return date of the summons, but relied upon the promise and agreement of the said Justice, that he would vacate the conditional judgment already rendered and take no steps in the matter, and did not learn a judgment had been rendered against it until so informed by Constable Langlois, hereinafter named, more than sixty days after the date of said judgment.

The petition further stated that it was not at the ·time of the service of the garnishee summons on it, nor on the return date of the same, in any way indebted to the said James Mc-Coy.

That the judgment was not the result of negligence on its part, and that the same was erroneous in that it was not indebted to said McCoy at the time of the service of the writ or upon the return date thereof. We are of the opinion that the petition in this case was sufficient to authorize the issuing of the writ of *certiorari*. It shows that the judgment against McCoy was void, and that the Justice had no authority to render a conditional judgment against the petitioner. That the judgment was not the result of negligence of the petitioner; that the judgment was unjust and erroneous, and that an appeal could not be taken in the ordinary way. When these facts are shown by the petition it is sufficient.

The court erred in sustaining motion to quash writ.

*Judgment reversed and cause remanded.*